ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RETHA JEANETTE BACEY, #785905, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0564-P |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type Case</u>: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

<u>Parties</u>: Petitioner is presently confined at the Mountain View Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Gatesville, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

<u>Statement of Case</u>: Following a plea of not guilty, Petitioner was convicted of capital murder and sentenced to life imprisonment in the 354th Judicial District Court of Hunt County, Texas, in Cause No. 18,680. On February 17, 1999, the Court of Appeals affirmed her

conviction. State v. Bacey, No. 06-97-00111-CR (Tex. App. 1999), for docket sheet see http://www.6thcoa.courts.state.tx.us./opinions/case.asp?FilingID=3259 (Docket Sheet information generated on April 4, 2006).

Thereafter, on September 30, 2003, Petitioner filed a state application for habeas corpus relief pursuant to art. 11.07 of the Texas Code of Criminal Procedure, seeking an out-of-time petition for discretionary review (PDR). See Attachment 1, for first page of art. 11.07 application; see also docket sheet Ex parte Bacey, No. WR57,620-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=221797 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals). On September 29, 2004, the Texas Court of Criminal Appeals granted the application by granting her leave to file an out-of-time PDR. Ex parte Bacey, No. AP-75,020, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=229507 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals). Petitioner promptly filed the out-of-time PDR, which the Texas Court of Criminal Appeals denied on March 2, 2005. See No. PD-1722-04, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=230350 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

In this federal petition, filed on March 29, 2006, Petitioner alleges ineffective assistance of trial and appellate counsel, the trial court failed to provide a fair and impartial trial, and the evidence was insufficient to sustain her conviction for capital murder.[1]

---

[1] For purposes of this recommendation, the petition is deemed filed on February 21, 2006, the date Petitioner certifies placing the same in the prison mail system. See Pet. at 9; Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing). This action was initially filed in the U.S. District Court for the Western District of

2

<u>Findings and Conclusions</u>:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  <u>See</u> 28 U.S.C. § 2244(d).  The district court may raise the affirmative defense of the statute of limitations *sua sponte*.  <u>See</u> <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  <u>See</u> <u>id.</u> § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented her from filing the federal petition.  Nor does she base her petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became

---

Texas, which in turn transferred it to this Court on March 8, 2006.  <u>See</u> No. W-06-CA-065.

[2]  On April 4, 2006, the Court informed Petitioner of the one-year statute of limitations and granted her thirty days to show cause why the petition should not be dismissed as barred by the limitation period.  Petitioner filed her response to the show cause order on May 5, 2006.

3

final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on March 19, 1999, thirty days after her conviction was affirmed on direct appeal. The one-year period began the next day on March 20, 1999, and expired on March 19, 2000. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). The record reflects that Petitioner's only art. 11.07 application was filed on September 30, 2003, long after the one-year period had expired. (See Attachment I). Therefore, the federal petition is untimely.[3]

In response, to the order to show cause, Petitioner argues the federal petition is timely because it was filed within one-year of the denial of her out-of-time PDR. (See Pet's Response to Show Cause at 2). This contention is meritless.

The fact that Petitioner successfully sought an out-of-time PDR does not alter the limitation analysis set out above. The Fifth Circuit Court of Appeals has held that the granting of an out-of-time PDR "does not . . . restart the running of AEDPA's limitations period." Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir. 2004). Rather, "when a petitioner convicted in the Texas system acquires the right to file an "out-of-time" PDR, the relief tolls the AEDPA's statute of

---

[3] The petition is time barred even if the Court concludes that her conviction became final on April 22, 1999, thirty days after the Court of Appeals granted an extension of time to file a PDR, which counsel failed to file. See State v. Bacey, No. 06-97-00111-CR, http://www.6thcoa.courts.state.tx.us./opinions/case.asp?FilingID=3259 (Docket Sheet information generated on April 4, 2006).

limitations until the date on which the Court of Criminal Appeals declines to grant further relief." Id. Here tolling due to the granting of the out-of-time PDR is unavailable. By the time Petitioner filed her state application, seeking an out-of-time PDR, the one-year period had long since expired. Accordingly, the federal petition -- deemed filed as of February 21, 2006, almost six years after the one-year period had elapsed -- is clearly time barred.

Petitioner does not request equitable tolling of the limitation period in response to the order to show cause. Nevertheless, the pleadings, even when liberally construed in accordance with her *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. See Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). Nor do they establish that Petitioner diligently pursued her rights. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). It is now well established that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed the filing of her art. 11.07 application seeking an out-of-time PDR by three and one-half years after the expiration of the one-year period. While that application was granted and she was granted an opportunity to file an out-of-time PDR, she waited about eleven months, following the denial the out-of-time PDR, before she submitted this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir.

5

1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 28th day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**



# HUNT COUNTY
**POST OFFICE BOX 1437 – GREENVILLE, TEXAS 75403-1437**

DISTRICT CLERK
**STACEY LANDRUM**
(903) 408-4172

April 5, 2006

US Magistrate Judge Sanderson
1100 Commerce St, Rm 1407
Dallas, Tx 75242

Re: # Writ02682
The State of Texas
VS
Retha J. Bacey

Dear Sir:

Per your request, please find enclosed page 1 of the 11.07 on Retha J. Bacey.

Yours truly,

Stacey Landrum, District Clerk
Hunt County, Texas

By _____
Debbie Huffines, deputy

CAUSE NUMBER #18,860

IN THE

354TH DISTRICT COURT

OF HUNT COUNTY, TEXAS

******************************************************************

EX PARTE

RETHA J. BACEY

******************************************************************

APPLICATION FOR WRIT OF HABEAS CORPUS,

FILED UNDER TEXAS CODE OF

CRIMINAL PROCEDURE ARTICLE 11.07

******************************************************************

Submitted By:   Retha J. Bacey #785905
                Pro Se Applicant
                2305 Ransom Rd.
                Gatesville, Texas 76528